UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN DONNELL PACK,

Plaintiff,

v.

CTC EAST CHERRY HEALTH, et al.,

Defendants.
_______________________________/

Case No. 2:26-cv-12160

District Judge Susan K. DeClercq
Magistrate Judge Anthony P. Patti

**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR DEFAULT JUDGMENT (ECF NO. 20), DENYING PLAINTIFF'S MOTION FOR DISCLOSURE OF ALL EVIDENCE TO CLAIM #3 (ECF NO. 18) AND STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 19)**

Plaintiff's motion for disclosure of all evidence to claim # 3 (ECF No. 18) is **DENIED** because it constitutes a discovery request, *i.e.*, discovery material, improperly filed with the Court in violation of Local Rule 26.2. E.D. Mich. LR 26.2. Moreover, discovery in this case will not commence until the Court has issued a scheduling order, and that will not occur until the Court has decided the pending motion to dismiss. (ECF No. 15.) Generally, "a plaintiff is . . . not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Greve v. Bass*, No. 3:16-CV-372,

2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017) (quoting *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 566 (6th Cir. 2003)). This is so because motions to dismiss are based *on the pleadings*, namely Plaintiff's complaint, rather than on *evidence*. The Court will not permit discovery in this case until both the motion to dismiss has been decided and, if any portion of the case then still remains, a scheduling order is issued. *See generally* Fed. R. Civ. P. 26(d)(1). If discovery does ever become appropriate in this case, discovery requests are not to be filed with the Court in the first instance, but must be served upon opposing parties' counsel directly in accordance with the rules that govern discovery in federal litigation, specifically Fed. R. Civ. P. 26-36; *see also* Fed. R. Civ. P. 5.

Plaintiff's motion for summary judgment (ECF No. 19) is **HEREBY STRICKEN** because it is not signed, as required by Fed. R. Civ. P. 11(a). The Court notes that Plaintiff's *response* to Defendant's motion to dismiss (ECF No. 15) was due by October 2, 2026 (ECF No. 16) and has not been received. The Court suspects that, perhaps, Plaintiff intended his "motion for summary judgment" (ECF No. 19) to serve as his response to the motion to dismiss. If so, he may have until **October 26, 2026** by which to file a *signed* brief that is clearly titled/designated as a response to the motion to dismiss.

It is **SO ORDERED**.

Dated: October 5, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE